# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CHERYL POTTS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-996 |
| | § | |
| NANCY A. BERRYHILL, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a memorandum and recommendation ("M&R") entered by Magistrate Judge Nancy Johnson. Dkt. 17. Plaintiff Cheryl Potts filed this action for judicial review of an unfavorable decision by defendant Nancy A. Berryhill, the Commissioner of the Social Security Administration (the "Commissioner"). Dkt. 1. Potts moved for summary judgment. Dkt. 14. The Commissioner also moved for summary judgment. Dkt. 13. The M&R recommends denying Potts's motion and granting the Commissioner's motion. Dkt. 17. Potts timely objected to the M&R. Dkt. 18. The Commissioner did not object. Having considered the M&R, objections, motions, administrative record, and applicable law, the court is of the opinion that Potts's objections should be OVERRULED and the M&R should be ADOPTED IN FULL.

## I. BACKGROUND

Potts does not object to the "Case Background" section of the M&R. Having reviewed that section de novo, the court finds that Judge Johnson sufficiently outlined the relevant facts, and the court hereby incorporates that section of the M&R into this order.

In sum, Potts filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of an unfavorable decision by the Commissioner. Dkt. 1. Potts made a claim for disability

insurance benefits under Title II and for supplemental security income under Title XVI of the Social Security Act (the "Act"). *Id.* at 2. Ultimately, the administrative law judge ("ALJ") issued a partially unfavorable decision. Dkt. 9-3 at 19–41. Potts appealed the ALJ's decision. Dkt. 1 at 3. On January 3, 2017, the Appeals Council denied Potts's request for review, transforming the ALJ's decision into the final decision of the Commissioner. Dkt. 9-3 at 2–7. After Potts filed this action for judicial review, both parties moved for summary judgment. Dkts. 13, 14. After reviewing the cross-motions for summary judgment, Judge Johnson recommends granting the Commissioner's motion and denying Potts's motion. Dkt. 17.

## II. LEGAL STANDARDS

### A. Magistrate Judge

For dispositive matters, the court "determine[s] de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Comm. Note (1983). For non-dispositive matters, the court may set aside the magistrate judge's order only to the extent that it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

### B. The Commissioner

The court's review of a final decision by the Commissioner denying disability benefits is limited to the determination of whether: (1) the ALJ applied proper legal standards in evaluating the record; and (2) substantial evidence in the record supports the decision. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002).

In order to obtain disability benefits, a claimant bears the ultimate burden of proving he is disabled within the meaning of the Act. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). Under the applicable legal standard, a claimant is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); *see also Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The existence of such a disabling impairment must be demonstrated by "medically acceptable clinical and laboratory diagnostic" findings. 42 U.S.C. § 423(d)(3), (d)(5)(A); *see also Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983).

To determine whether a claimant is capable of performing any "substantial gainful activity," the regulations provide that disability claims should be evaluated according to the following sequential five-step process:

> (1) a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are; (2) a claimant will not be found to be disabled unless he has a "severe impairment"; (3) a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors; (4) a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and (5) if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work.

*Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *see also* 20 C.F.R. § 404.1520. The analysis stops at any point in the process upon a finding that the claimant is disabled or not disabled. *Greenspan*, 38 F.3d at 236.

The widely accepted definition of "substantial evidence" is "that quantum of relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). It is "something more than a scintilla but less than a

preponderance." *Id.* The Commissioner has the responsibility of deciding any conflict in the evidence. *Id.* If the findings of fact contained in the Commissioner's decision are supported by substantial record evidence, they are conclusive, and this court must affirm. 42 U.S.C. § 405(g); *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). Only if no credible evidentiary choices of medical findings exist to support the Commissioner's decision should the court overturn it. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988). In applying this standard, the court is to review the entire record, but the court may not reweigh the evidence, decide the issues de novo, or substitute the court's judgment for the Commissioner's judgment. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). In other words, the court is to defer to the decision of the Commissioner as much as is possible without making its review meaningless. *Id.*

### III. OBJECTIONS

Potts objects that (1) Judge Johnson "conflates two findings and misreads the [ALJ's] finding about Dr. Henderson's opinion" and (2) Judge Johnson "erred in finding substantial evidence can correct the ALJ's failure to apply the correct legal standards." Dkt. 18 at 1, 4. The court will consider each objection in turn.

**A.      Dr. Henderson's Opinion**

Potts objects that Judge Johnson erred because the ALJ did not consider some of Dr. Henderson's opinions. *Id.* at 3. Potts argues that the ALJ was required to either: (1) consider the opinions; or (2) assign the opinions no weight and offer an explanation for doing so. *Id.* at 4 (citing *Kneeland v. Berryhill*, 850 F.3d 749, 761 (5th Cir. 2017)). According to Potts, *Kneeland* requires remand. *Id.* Judge Johnson found that the ALJ did consider Dr. Henderson's opinions, which provided the bases for the ALJ's decision. Dkt. 17 at 16–17.

The court agrees with Judge Johnson that the ALJ undisputably considered Dr. Henderson's

4

opinions. This case is unlike *Kneeland*. The court in *Kneeland* held that "[t]he ALJ's root error was failing to address—or even mention—Dr. Bernauer's opinion in his decision." 850 F.3d at 761. In the instant case, not only did the ALJ mention and consider Dr. Henderson's opinions, he relied on them and gave them "considerable weight." Dkt. 9-3 at 29. Potts argues that because the ALJ's findings on Potts's condition prior to 2014 conflict with Dr. Henderson's opinions, the ALJ must not have considered those opinions. But because the ALJ expressly relied on the opinions and did not merely include "cursory, boilerplate language about carefully considering the entire record," the ALJ satisfied *Kneeland*'s requirement to consider the medical opinion. *See Kneeland*, 850 F.3d at 760–61; *see also Zahraei v. Colvin*, No. SA–16–CV–396–XR, 2017 WL 3034716, at *5 (W.D. Tex. July 17, 2017) (finding no *Kneeland* issue when "[t]he record reflects that the ALJ considered all medical evidence in the record").

The relevant question, then, is whether the ALJ provides good cause for rejecting Dr. Henderson's opinions regarding Potts's pre-2014 conditions. *See Kneeland*, 850 F.3d at 760–61. The court agrees with Judge Johnson that the ALJ adequately explained his pre-2014 findings. *See* Dkt. 17 at 17; *see also* Dkt. 9-3 at 35. That rationale provides the ALJ's explanation for any conflict with Dr. Henderson's opinions. And even though Potts does not object that the ALJ's decision not supported by substantial evidence, the court agrees with Judge Johnson that it was. Accordingly, Potts's objection is OVERRULED.

**B.     Correct Legal Standards**

Potts's second objection largely mirrors her first. She argues that "[b]ecause the ALJ made no findings about Dr. Henderson's opinion prior to January 1, 2014, the ALJ legally erred." Dkt. 18 at 6. She asserts that Judge Johnson ignored this error because the ALJ's decision was supported by substantial evidence. *Id.* at 4–5. The court disagrees. First, Judge Johnson found that the ALJ

5

applied proper legal standards and that substantial evidence supports the decision. Dkt. 17 at 14–17. Second, as the court explains above, the court agrees that the ALJ applied the proper legal standards. *See supra* Section III.A. Thus, Potts's objection is OVERRULED.

**IV. CONCLUSION**

Potts's objections (Dkt. 18) are OVERRULED. The M&R (Dkt. 17) is ADOPTED IN FULL, Potts's motion for summary judgment (Dkt. 14) is DENIED, and the Commissioner's cross-motion for summary judgment (Dkt. 13) is GRANTED. Potts's claims are DISMISSED WITH PREJUDICE. The court will enter a final judgment consistent with this order.

Signed at Houston, Texas on July 20, 2018.

_____
Gray H. Miller
United States District Judge